# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOPHAMER FARMS, INC., a California corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>SELECT ONION, LLC, an Oregon limited liability company; FARRELL LARSON, an individual; and DOES 1 through 20, inclusive,<br><br>        Defendants. | 1:10-cv-0162 OWW DLB<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 9/20/10<br><br>Non-Dispositive Motion Filing Deadline: 10/21/10<br><br>Non-Dispositive Motion Hearing Date:  11/26/10 9:00 Ctrm. 8<br><br>Dispositive Motion Filing Deadline: 12/2/10<br><br>Dispositive Motion Hearing Date:  1/3/11 10:00 Ctrm. 3<br><br>Settlement Conference Date: 9/22/10 10:00 Ctrm. 8<br><br>Pre-Trial Conference Date: 2/7/11 11:00 Ctrm. 3<br><br>Trial Date: 3/22/11 9:00 Ctrm. 3 (JT-2 days) |

I.   Date of Scheduling Conference.

    May 19, 2010.

II.  Appearances Of Counsel.

    Johnson & Moncrief, PLC by Dennis Lewis, Esq., appeared on behalf of Plaintiff.

Rynn & Janowsky, LLP by Bart M. Botta, Esq., appeared on behalf of Defendant.

III. Summary of Pleadings.

    A.    Plaintiff's Factual and Legal Contentions.

        1.    Plaintiff Kophamer Farms, Inc. ("Plaintiff") is an onion grower and is licensed as a produce dealer under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a et seq., (the "PACA"). Defendant Select Onion, LLC ("Select Onion") is in the business of buying wholesale quantities of produce and is also a licensed PACA Dealer. Defendant Farrell Larson is the President and CEO of Select Onion.

        2.    Plaintiff alleges that between June 9, 2009 and September 28, 2009 Plaintiff supplied Defendant Select Onion LLC, at Select Onion's insistence and request, 50 shipments of onions for which Select Onion agreed to pay the principal sum of $185,445.00. Plaintiff promptly invoiced Select Onion for each shipment delivered, and each invoice states that "the perishable agricultural commodities listed on this invoice are sold subject of the statutory authorized by Section 5(c) of the PACA, 1930 (7 U.S.C. § 499e(e))." Each invoice also contains an attorney's fees provision providing that the buyer agrees to pay the seller's attorney's fees if a collection action is necessary.

        3.    Plaintiff contends that upon Select Onion's receipt of the produce supplied by Select Onion, Plaintiff became a PACA beneficiary of a floating, non-segregated trust over all of Select Onion's produce, products derived from the produce, and all proceeds derived from the sale of the Select Onion's produce and produce related products.

1          4.   Furthermore, Plaintiff asserts that six invoices
2  remain due and unpaid, despite Plaintiff's repeated demands
3  (Invoice Nos. MH 10, MH 11, MH 12, MH 13, MH 14 and MH 15), in
4  the total principal amount of $33,716.44.  These invoices are
5  almost 10 months overdue.
6          5.   As such, Plaintiff has brought suit for *inter
7  alia*, Breach of Contract and Enforcement of the Statutory Trust
8  Provisions of the PACA.  Plaintiff has brought action against Mr.
9  Larson, because under Ninth Circuit case law, individuals who are
10 in positions to control PACA trust assets and fail to do so are
11 personally liable under the PACA.  Because Mr. Larson is the
12 President and CEO of Select Onion, Plaintiffs allege that Mr.
13 Larson was in a position to control the PACA trust assets that
14 are the subject of this Complaint.  Thus, Plaintiff seeks from
15 Defendants damages of $33,716.44, interest, contractual
16 attorney's fees, and court costs.
17      B.   Defendant's Factual and Legal Contentions.
18          1.   Select Onion did agree to purchase onions from
19 Plaintiff.  However, as is customary with onion sales, and as was
20 the course of dealing between the parties here, and as was the
21 agreement of the parties, tare was deducted from the total weight
22 purchased.  Tare is the dirt, rocks, and other foreign debris
23 that must be deducted from the gross weight of the onions
24 purchased.  After deducting the tare amount for the shipments at
25 issue in the present complaint, there is nothing further due and
26 owing to Plaintiff as Select has paid in full all required
27 amounts.
28 ///

IV.    Orders Re Amendments To Pleadings.

    1.    The parties contemplate that the pleadings may need to be amended and agree that they must be filed on or before October 4, 2010, without the necessity of a motion.

V.    Factual Summary.

    A.    Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.    Select Onion is a limited liability company validly formed and existing under the laws of the State of Oregon.

        2.    During the period on or about June 9, 2009 to on or about September 28, 2009 Plaintiff shipped onions in an amount to be determined.

        3.    There is a dispute over the right to payment and amount.

        4.    Each shipment is represented by a written invoice.

        5.    Plaintiff claims a PACA trust and seeks enforcement in this case.

        6.    Dispute over the total weight of onions purchased exists.

        7.    Defendant asserts the tare amount for shipments was not deducted.

        8.    Whether a PACA trust should be imposed.

        9.    Whether Defendant is indebted to Plaintiff in any amount for onions shipped and delivered.

    B.    Contested Facts.

        1.    All remaining facts are disputed.

///

VI. Legal Issues.
    A.    Uncontested.
        1.    Jurisdiction exists under 28 U.S.C. § 1331 and the Perishable Agricultural Commodities Act.
        2.    Venue is proper under 28 U.S.C. § 1391.
        3.    The substantive law of the State of California provides the rule of decision for supplemental claims.
    B.    Contested.
        1.    Is Plaintiff a PACA creditor of Select Onion in the amount of $33,716.44 plus interest, attorney's fees, and collection costs?
        2.    Did Plaintiff and Select Onion enter into a contract whereby Select Onion promised to pay Plaintiff for onions sold and delivered between June 2009 and September 2009? If so, did Select Onion breach the contract by failing to pay for $33,716.44 worth of produce?
        3.    If Plaintiffs can establish the existence of a PACA trust, was Mr. Larson in a position to control the PACA trust assets?

VII. Consent to Magistrate Judge Jurisdiction.
    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.
    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the

5

statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

    1.   The parties agree that initial disclosures shall be filed on or before June 4, 2010.

    2.   The parties are ordered to complete all discovery on or before September 20, 2010.

    3.   The parties are directed to disclose all expert witnesses, in writing, on or before July 6, 2010.  Any rebuttal or supplemental expert disclosures will be made on or before August 6, 2010.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    4.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before October 21, 2010, and heard on November 26, 2010, at 9:00 a.m. before Magistrate

Judge Sheila K. Oberto in Courtroom 8.

2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

3.   All Dispositive Pre-Trial Motions are to be filed no later than December 2, 2010, and will be heard on January 3, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.   Pre-Trial Conference Date.

1.   February 7, 2011, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII.   Motions - Hard Copy.

1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

7

XIII.  Trial Date.

    1.  March 22, 2011, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.  This is a jury trial.

    3.  Counsels' Estimate Of Trial Time:

        a.  Two days.

    4.  Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.  A Settlement Conference is scheduled for September 22, 2010, at 10:00 a.m. in Courtroom 8 before the Honorable Sheila K. Oberto, United States Magistrate Judge.

    2.  Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.  Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4. Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

5. The Confidential Settlement Conference Statement shall include the following:

    a. A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c. A summary of the proceedings to date.

    d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

    e. The relief sought.

    f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

///

**XV.   Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.**

    1.   None.

**XVI. Related Matters Pending.**

    1.   There are no related matters.

**XVII.   Compliance With Federal Procedure.**

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

**XVIII.   Effect Of This Order.**

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in

1 | the imposition of sanctions.
2 |
3 | IT IS SO ORDERED.
4 | Dated:   May 19, 2010                             /s/ Oliver W. Wanger
  |                                          UNITED STATES DISTRICT JUDGE